[No. 22891. Department One. March 26, 1931.]

ADOLPH SCHMIDT, *Appellant*, v. KENWORTHY GRAIN &
MILLING COMPANY, *Respondent*.[1]

*John Burton Keener* and *Charles E. Schwarg*, for
appellant.

*Ellis & Evans*, for respondent.

TOLMAN, C. J.—This is an action for personal in-
juries, tried to a jury. At the conclusion of the plain-
tiff's testimony, a motion for a nonsuit was interposed
and granted, and from the judgment which followed,
the plaintiff has appealed.

Appellant, who is engaged in the dairy business near
the city of Tacoma, ordered from the respondent, a
dealer in Tacoma, three tons of baled alfalfa hay and
a ton of dry feed called mill run, to be delivered by
truck at his farm. When the loaded truck appeared at
the farm, the ground was wet and slippery from recent
rains, and the barns were so situated as to require the
loaded truck to be backed down a steep grade to the
barns for unloading. The driver of the truck, without
waiting for instructions, backed the truck down to the
wrong barn. When informed that the delivery was de-

[1]Reported in 297 Pac. 171.

sired at the other barn, the driver attempted to pull up the hill for the purpose of gaining a position from which he could back down to the proper barn for unloading; but, having no chains on the wheels, it was found, after several attempts, that the truck was unable to go forward under its own power.

It was then determined to unload the one ton of dry feed where the truck then stood, and, in doing this, the binding ropes were removed from the entire load, the dry feed was taken from the rear of the truck, and there was left on the truck the three tons of baled hay, piled two tiers wide and some ninety inches high, held in place only by its weight and by a slight incline of each tier of bales toward the center. Having so lightened the load, and having placed sacks and hay before the rear wheels of the truck to furnish traction, and having refused an offer of a horse to help pull the truck up the grade, the driver requested the appellant to help by pushing on the truck from the rear; and, with the appellant at the rear and on one side, stooped in a position to push, the driver started the truck forward. It moved a foot and a half to two feet, when, in the language of the appellant, "He stepped on the brake and it jerked and the hay came down;" causing the injuries complained of.

The force of even this mild and inconclusive testimony is greatly lessened by what was said on cross-examination; but, taking it at its face value, we can see nothing here which would warrant the submission of the question of negligence to the jury. It is not shown that it was other than the proper practice for the driver to step on the brake as the forward movement of the truck ceased, so as to prevent an immediate backward movement. It is not indicated that applying the brakes caused the jerk, or that a

jerk, under the particular circumstances, could have been avoided by any amount of care. In fact, there is nothing in the evidence from which an inference of negligence might have been drawn.

If it be thought that the attempt to move the truck at all with the binding ropes removed was negligence, the answer seems to be that negligence in that respect was not pleaded, the case was not tried below upon that theory and is not so presented here. Had that issue been presented, a defense of assumption of the risk or contributory negligence must have been fatal to it.

Finding no error, the judgment is affirmed.

MITCHELL, HOLCOMB, MAIN, and PARKER, JJ., concur.